THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ALFRED MILLER, JR.**
*Senior Counsel*
Phone: (212)-356-0886
AlfMille@law.nyc.gov
(not for service)

July 23, 2026

Hon. Katherine Polk Failla
United States Courthouse
Southern District of
New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: B.G., et. al. v. The City of New York, et. al., 23-cv-03761 (KPF)

Dear Judge Failla:

I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the Defendants. Counsel for Infant Plaintiffs and Defendants respectfully submit this letter motion to modify the Infant Compromise Orders, ECF No. 103-106 to conform to the party's settlement agreement in the instant matter pursuant to Federal Rule of Civil Procedure 60(a). As the Court may recall, this matter settled and a Stipulation of Voluntary Dismissal was been filed on the docket. ECF No. 109.

Due to an inadvertent mistake, the individual Infant Compromise Orders included an incorrect payment amount, $34,500.00. However, as Magistrate Judge Tarnofsky correctly found in her opinion and order granting the entry of the proposed infant compromise orders is granted without a hearing, "Defendants have agreed to pay $34,250.00" to each of the respective minors in the proceeding. B.G. v. City of N.Y., No. 23-CV-3761 (KPF), 2026 U.S. Dist. LEXIS 95, at *16 (S.D.N.Y. Jan. 2, 2026). After review of the requisite factors, she "conclude[d] that the terms of the settlement are 'fair, reasonable, and adequate,' based on a comparison of 'the terms of the compromise with the likely rewards of litigation.'" Id. at *19. The opinion and order also noted the infant compromise orders would be separately endorsed. Id. at *20. However, January 2, 2026 endorsed orders each, apparently by scrivener's error, direct payment in the amount of $34,500.00, rather than the agreed upon amount of 34,250.00. Because of this mismatch, the Defendants have been unable to remit payment to the infant plaintiffs on their claims including the above referenced payment and their claim for attorneys fees.

As relevant here, a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." FRCP 60(a). "A motion under Rule 60(a) is available only to correct a judgment 'for the purpose of reflecting accurately a decision that the court actually made.'" Kumaran v. Nat'l Futures Ass'n, LLC, No. 1:20-cv-3668-GHW, 2022 U.S. Dist. LEXIS 24584, at *2-3 (S.D.N.Y. Feb. 10, 2022) (quoting Hodge ex rel. Skiff v. Hodge, 269 F.3d 155, 158 (2d Cir. 2001).

As the mistake in the endorsed orders plainly do not reflect the decision actually made in

the opinion and order granting the entry of the infant compromise orders, pursuant to FRCP 60(a), the Parties respectfully request to modify the judgements to the agreed upon $34,250.00. See id. Once the orders are signed, Defendants are prepared and committed to issuing the infants' payments and attorney payments within three weeks of the date of the order. Annexed to this letter are proposed order correcting with the correct amounts, $34, 250.00.

Thank you for your consideration of this request.

Respectfully submitted,

Alfred Miller, Jr.
Assistant Corporation Counsel
cc: (Via ECF) Counsel for Plaintiffs

Application GRANTED.

The Court will issue the corrected orders under separate cover.

The Clerk of Court is directed to terminate the pending motion at docket entry 112.

Dated: July 29, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE